IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL CAMPBELL,

    Petitioner,

v.                                          CASE NO. 4:13cv368-RH/CAS

JULIE L. JONES, Secretary,
DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

ORDER DENYING THE PETITION AND
DENYING A CERTIFICATE OF APPEALABILITY

By a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Michael A. Campbell seeks relief from his Florida state-court conviction. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 21, and the objections, ECF No. 22. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with this additional note.

One of Mr. Campbell's claims is that his attorney rendered ineffective assistance by failing to request a jury instruction on a lesser included offense.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on an ineffective-assistance claim, a petitioner must show both deficient performance and prejudice. In *Santiago v. Secretary, Florida Department of Corrections*, 472 F. App'x 888, 889 (11th Cir. 2012), the petitioner Santiago was convicted in Florida state court of greater offenses and collaterally attacked the convictions on the ground that his attorney rendered ineffective assistance by failing to request an instruction on lesser included offenses. The state court rejected the claim. The Eleventh Circuit rejected Mr. Santiago's federal habeas claim, explaining:

> The jury in Santiago's trial concluded that the evidence against him supported his conviction for the greater offenses on which it was instructed; therefore, even if the lesser-offense instructions had been given, the jury would not have been permitted to convict Santiago of the lesser included offenses because it had concluded that the evidence established that he was guilty of the greater offenses. . . . Accordingly, we cannot say that the Florida appellate court unreasonably applied *Strickland* in concluding that Santiago's counsel's failure to request the lesser included offense instructions did not prejudice his defense.

*Santiago v. Sec'y, Fla. Dep't of Corrs.*, 472 F. App'x 888, 889 (11th Cir. 2012). The same reasoning applies here. Mr. Campbell is not entitled to relief on his ineffective-assistance, lesser-included-offense claim.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

SO ORDERED on August 10, 2016.

> s/Robert L. Hinkle
> United States District Judge